IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GUY T. STRINGHAM,

    Plaintiff,                  No. CIV S-05-0644 FCD GGH P

  vs.

J. BICK, et al.,

    Defendants.

_____/        ORDER

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff's original complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b); however, on June 17, 2005 plaintiff filed a motion to amend his complaint to add an additional defendant and other claims. Plaintiff did not submit a proposed first amended complaint which named all the defendants against whom he chooses to proceed and including all of his proposed claims.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). However, an amended or supplemental complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. Id.; see also E.D. Local Rule 15-220. Although the allegations of this pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff will be required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

Pursuant to Fed. R. Civ. P. 15(a), the court will grant plaintiff's motion for leave to amend, but will not allow plaintiff to proceed piecemeal in this litigation. If plaintiff intends to proceed on a first amended complaint, he must file an amended complaint naming each defendant and containing every allegation upon which he elects to go forward, within thirty days. Plaintiff need not attach the exhibits included with his original complaint to the first amended complaint. Should plaintiff fail to file a timely first amended complaint, this action will proceed upon the original complaint only, filed on April 4, 2005, which the court finds appropriate for service upon the defendants named therein.

Finally, to the extent that he intends to move for preliminary injunctive relief by his June 17, 2005 filing, the motion is vacated without prejudice to plaintiff's filing such a

motion once defendants have been served in this action.

         Accordingly, IT IS HEREBY ORDERED that:

         1. Plaintiff's request for leave to proceed in forma pauperis is granted.

         2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

         3. Plaintiff's motion for leave to amend his complaint, filed on June 17, 2005, is granted; plaintiff must file a first amended complaint as set forth above within thirty days; should plaintiff fail to do so, this action will proceed upon the original complaint against the defendants named therein only;

         4. Plaintiff's motion for preliminary injunctive relief, filed on June 17, 2005, is vacated without prejudice to re-filing once defendants in this action have been served.

DATED:   8/24/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
stri0644.am

3